Freedman, J.
The complaidoes not state a cause of action for fraud or deceit, for fraud or deceit without damage is not actionable. The damages sought to be recovered are shown to have resulted, not from the fraud or deceit by means of which the plaintiffs were induced to enter into the executory contract of sale, but from their refusal to carry out the said contract and their rescission of it They were justified in such refusal and rescission. It appears, however, that if they had not so refused and rescinded no damage would have been sustained, for the fall in the market price had then already taken place, and the defendants were ready and willing, and presumably able to pay the contract price. The plaintiffs, by thus making an election which they had an undoubted right to make, brought about their own loss. The learned judge below was, therefore, correct in holding that, upon the facts set out in the complaint, the plaintiffs have but a technical cause of action, which is for the breach of the duty that the defendants, as brokers, owed to the plaintiffs, and that in this action, as it is set forth, the plaintiffs are entitled to nominal damages only.
The demurrer to the complaint having been overruled, and the damages on the facts stated in the complaint being, as matter of law, nominal, the court could proceed at once to award the damages, and the defendants’ right to costs in such a case being statutory under § 3229 of the Code, the judgment was properly entered under §§ 1021 and 1222 of the Code. If the plaintiffs can *509 show a different state of facts and desire so to do, their remedy is by motion for leave to amend their complaint.
The judgment should be affirmed, with costs.
Sedgwick, Oh. J., concurs.